HECTOR A. MARRACHE (SBN 255711)
**ABASSIAN | MARRACHE LLP**
16255 Ventura Boulevard, Suite 1205
Encino, California 91436
Telephone: (818) 926-4445
Facsimile: (800) 926-4412

JENNIFER RYU (SBN 299143)
**SHIN RYU BAZERKANIAN LLP**
714 West Olympic Boulevard, Suite 714
Los Angeles, California 90015
Telephone: (213) 986-3430
Facsimile: (213) 986-9860

Attorneys for Plaintiff DILMA FUENTES

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 0 4 2015

BY _____
    JESSICA MORALES, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

DILMA FUENTES, an individual,

　　　　Plaintiffs,

v.

CHANGE TO WIN; GUADALUPE PALMA, an individual; and DOES 1 through 50, inclusive,

　　　　Defendants.

Case No.: CIVDS1517721

BY FAX

**COMPLAINT:**

1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
2. **INTERFERENCE UNDER THE FAMILY AND MEDICAL LEAVE ACT (29 U.S.C. § 2615(a)(1))**
3. **RETALIATION FOR EXERCISING RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT (29 U.S.C. § 2615(a)(2) & (b))**
4. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
5. **NEGLIGENT HIRING AND SUPERVISION**
6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**DEMAND FOR JURY TRIAL.**

$435
151204 2579

-1-
COMPLAINT

9
Exhibit A

Plaintiff DILMA FUENTES (hereinafter "Plaintiff") complains against Defendants, and each of them, as follows:

## PARTIES AND JURISDICTION

1. Plaintiff DILMA FUENTES (hereinafter "Plaintiff") is, and at all times herein mentioned was, an individual residing in the County of San Bernardino in the State of California. Plaintiff was employed by Defendant CHANGE TO WIN from January 2009 until her wrongful termination on or about December 6, 2013.

2. Defendant CHANGE TO WIN is an unincorporated labor association with its principal place of business located at 1900 L Street NW, Suite 900, Washington, D.C. 20036. At all times mentioned in this Complaint, Defendant CHANGE TO WIN was regularly doing business in the county of San Bernardino, California. At all times relevant to this action, Defendant CHANGE TO WIN employed Plaintiff to work in the San Bernardino location. Defendant CHANGE TO WIN was at all times relevant an employer under California state and federal laws.

3. Venue and jurisdiction are proper because the majority of the events giving rise to this action took place in San Bernardino County, because Defendants were doing business in San Bernardino County, because Plaintiff's employment was entered into in San Bernardino County, because Plaintiff worked for Defendants in San Bernardino County, and because the damages sought exceed the jurisdictional minimum of this Court.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 50. Defendants DOES 1 through 50 are sued herein under fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each Defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged herein. Plaintiff does not at this time know the true names or capacities of said Defendants, but prays that the same may be inserted herein when ascertained.

5. At all times relevant, each and every Defendant was an agent and/or employee of each and every other Defendant. In doing the things alleged in the causes of action stated herein,

each and every Defendant was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of each remaining Defendant. All actions of each Defendant as alleged herein were ratified and approved by every other Defendant or their officers or managing agents.

## ALLEGATIONS COMMON TO MORE THAN ONE CAUSE OF ACTION

6. Defendant CHANGE TO WIN first hired Plaintiff on a contract basis on or around January 7, 2009 as a Fundraiser Organizer for its Warehouse Workers United Campaign located at 601 S. Milliken Avenue, Ste A, Ontario, California 91761.

7. On April 22, 2010, Defendant CHANGE TO WIN offered Plaintiff the position of Organizer Apprentice. Starting May 1, 2010, Plaintiff's annual salary was $38,859.00 plus a full range of benefits.

8. On or around November 2010, Plaintiff injured her left foott and ankle while she was going door-to-door to pass out fliers for an event at CHANGE TO WIN.

9. Plaintiff reported her injury to her supervisor, Sherheryar Kaoosji, who laughed at Plaintiff after she told him of her injury.

10. On multiple occasions, Plaintiff inquired as to how she may receive medical attention and numerous times informed her supervisors that she was not feeling well and that she continued to experience pain in her foot. Defendants replied that they did not know whether they had insurance and failed to offer any further assistance.

11. After Defendants ignored her repeated efforts to obtain insurance information, Plaintiff sought medical attention on her own. However, Plaintiff could not obtain necessary treatment as doctors informed her that they could not treat her work injury.

12. Despite knowing of Plaintiff's injury, Defendants failed to provide any accommodations. Instead, Plaintiff was required to continue performing all job duties, which required her to do extensive walking and organizing.

///
///
///

13. On March 11, 2013, Plaintiff's union representative, Brian Callaci, filed a grievance form on behalf of Plaintiff. The statement of grievance provided as follows:

> Since Dilma and her co-workers complained to Nick Allen about supervisor Lupe Palma, they have been subject to discriminatory and retaliatory action apparently designed to compel them to resign. These actions have included ceasing conducting meetings in Spanish, the language of Dilma and certain co-workers, assigning Dilma away from a worksite composed of Spanish-speakers to one composed of English-speakers, increased workloads, failing to evaluate targeted organizations and calling Dilma and others alone into investigatory meetings with supervisors where co-workers were allowed to berate them for alleged misconduct without informing them of their right to a union representative.
>
> […]
>
> Some of the actions by management have included changes in past practice, such as conducting meetings in Spanish and assigning organizers to worksites where they share a language with workers.

14. On August 9, 2013, Plaintiff filed a workers' compensation claim for her injuries to her left foot and ankle.

15. On August 23, 2013, Plaintiff's health care provider placed her on medical leave until September 2, 2013.

16. Plaintiff's health care provider treated Plaintiff, and subsequently extended her medical leave, first to August 30, 2013, then to September 13, 2013, and again to September 27, 2013.

17. On September 27, 2013, Plaintiff's health care provider submitted a Certification of Health Care Provider for Employee's Serious Health Condition under the Family and Medical Leave Act. The medical certification provided Plaintiff's estimated period of incapacity as August 30, 2013 through February 28, 2014.

18. On November 25, 2013, while Plaintiff was on medical leave, Defendant informed Plaintiff that her position was being eliminated effective December 6, 2013 "[d]ue to budget restrictions for the Warehouse Workers United Campaign."

//
//
//

# FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (By Plaintiff Against All Defendants)

19. Plaintiff re-alleges and incorporates by reference herein each and every allegation in this complaint as though fully set forth and brought in this cause of action.

20. At all times herein relevant, there was an employer-employee relationship between Plaintiff and the defendants.

21. Defendants' discharge of Plaintiff violated the public policy of the State of California, as expressed in provisions of Government Code §§ 12940, *et seq.*, which prohibit discrimination on the basis of disability and retaliation for protesting and attempting to remedy and prevent retaliation and harassment. (*City of Moorpark v. Superior Ct.* (1998) 18 Cal. 4th 1143, 1160.)

22. Defendant's discharge of Plaintiff also violated the fundamental public policy as expressed in the California Family Rights Act. (*Faust v. California Portland Cement Co.* (2007) 150 Cal. App. 4th 864, 886.)

23. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer substantial losses incurred in earnings, bonuses, deferred compensation and other employment benefits. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, embarrassment, humiliation and anxiety all to her damage in an amount in excess of the minimum jurisdictional limits of this court. Plaintiff will seek leave of court to amend her complaint to allege the correct amount at the time of trial or according to proof at trial.

24. Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, amounting to despicable conduct, and in conscious regard of Plaintiff's rights. The acts alleged herein were known to, authorized and ratified by Defendants. Plaintiff is thus entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

///

## SECOND CAUSE OF ACTION

## INTERFERENCE UNDER THE FAMILY AND MEDICAL LEAVE ACT (FMLA)

### (By Plaintiff Against All Defendants)

25. Plaintiff re-alleges and incorporates by reference herein each and every allegation in this complaint as though fully set forth and brought in this cause of action.

26. An employer is prohibited from interfering, restraining or denying the exercise of (or attempt to exercise) any rights provided by the FMLA (29 C.F.R. § 825.220(a)(1).).

27. By August 23, 2013, Plaintiff had been continuously employed by Defendants for approximately four years and had worked at least 1250 hours during the preceding 12 months.

28. Plaintiff was entitled to FMLA leave for her own serious medical condition.

29. Plaintiff was entitled to receive up to twelve (12) workweeks of unpaid leave under the Family and Medical Leave Act.

30. Defendants interfered with Plaintiff's exercise of her rights under the FMLA by:

   a) Refusing to authorize FMLA leave;

   b) Failing to explain FMLA benefits at the time Plaintiff requested leave;

   c) Failing to restore Plaintiff to the same or equivalent position on her return from leave;

   d) Pressuring Plaintiff to return to full-time work before the expiration of her FMLA leave entitlement;

   e) Failing to maintain health benefits while Plaintiff was on FMLA leave in the same manner as if the employee had continued to work (29 C.F.R. § 825.100(b));

   f) Failing to provide Plaintiff notice when a certification was required (29 C.F.R § 825.305(a));

   g) Failing to advise Plaintiff whenever Defendants found a certification incomplete or insufficient and failing to state in writing that additional

information was necessary to make the certification complete and sufficient (29 C.F.R. § 825.305(c));

  h) Failing to advise Plaintiff of the anticipated consequences of her failure to provide adequate certification (29 C.F.R. § 825.305(d));

31. Defendants' actions, as set forth herein, constitute interference with Plaintiff's rights under the Family and Medical Leave Act.

32. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer a loss of employment, loss of income, and loss of other employee benefits.

## THIRD CAUSE OF ACTION

## RETALIATION FOR EXERCISING RIGHTS UNDER THE FMLA

### (By Plaintiff Against All Defendants)

33. Plaintiff re-alleges and incorporates by reference each and every allegation in this complaint as though fully set forth and brought in this cause of action.

34. All persons (whether or not employers) are prohibited from discharging or otherwise discriminating against any person (whether or not an employee) because that person has: filed a charge or initiated any proceeding under or related to the FMLA; given or is about to give, any information in connection with an inquiry or proceeding relating to a right under the FMLA; or testified or is about to testify, in any inquiry or proceeding relating to a right under the FMLA (29 C.F.R. § 825.220(a)(3).).

35. Defendants discriminated and/or retaliated against Plaintiff because she engaged in protected activity under the FMLA.

36. Defendants' stated reason for terminating Plaintiff is pretext for FMLA retaliation.

37. But for having taken FMLA leave and exercising her rights, Plaintiff would not have been terminated. Plaintiff's taking of FMLA leave was at least a motivating reason for Defendants' decision to terminate Plaintiff.

38. Defendants' treatment of Plaintiff, threats against Plaintiff, and termination of Plaintiff constitute retaliation for her having exercised her FMLA rights, in violation of the

-7-
COMPLAINT

Family and Medical Leave Act (Title 29 of United States Code § 2615). Plaintiff's taking of FMLA leave was at least a motivating reason for Defendants' decision to terminate Plaintiff.

39.     As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of other employment benefits.

## FOURTH CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

### (By Plaintiff Against All Defendants)

40.     Plaintiff re-alleges and incorporates by reference herein each and every allegation in this complaint as though fully set forth and brought in this cause of action.

41.     The aforesaid employment contract contained an implied covenant of good faith and fair dealing by which Defendants promised to give full cooperation to Plaintiff and her performance under said employment contract and to refrain from doing any act which would prevent or impede Plaintiff from performing all the conditions of the contract to be performed by her, or any act that would interfere with Plaintiff's enjoyment of the fruits of said contract. Specifically, said covenant of good faith and fair dealing required Defendants to fairly, honestly, and reasonably perform the terms and conditions of the agreement.

42.     Defendants breached its covenant of good faith and fair dealing with Plaintiff by terminating her, knowing full well that Plaintiff was dependent on her job to support herself and to survive, without conducting any reasonable investigation concerning its obligations under said contract, without good or sufficient cause, for reasons extraneous to the contract, and for the purpose of frustrating Plaintiff's employment of the benefits of the Contract.

43.     As a result of Defendants' violations of said implied covenant of good faith and fair dealing, Plaintiff has been damaged in that she has lost income and her ability to perform her part of the employment agreement was impeded, all of which combined to produce: destruction or impairment of Plaintiff's valuable property interests, i.e., her prospect of continuing future employment with Defendants, receipt of continued compensation, substantial losses in earnings, and the loss of other employment benefits.

//

## FIFTH CAUSE OF ACTION

## NEGLIGENT HIRING AND SUPERVISION

### (By Plaintiff Against All Defendants)

44. Plaintiff re-alleges and incorporates by reference herein each and every allegation in this complaint as though fully set forth and brought in this cause of action.

45. Plaintiff alleges that Change to Win supervisors, Defendant PALMA and Sherheryar Kaoosji, were unfit and/or incompetent to perform the work for which they were hired.

46. As alleged herein, Defendant CHANGE TO WIN knew or reasonably should have known, that employees of Change to Win, individually and together in varying combinations, were engaging in the conduct as set forth above.

47. Defendant knew or should have known that employees, including but not limited to Defendant PALMA and Kaoosji, had a previous history of engaging in unlawful and/or dangerous conduct that could cause injury to Plaintiff and others and failed to do anything to prevent such injury.

48. At all relevant times, Defendant CHANGE TO WIN and/or its agents/employees knew or reasonably should have known that the conduct and omissions set forth above violated Plaintiff's rights under federal and state law.

49. At all relevant times, Defendants knew or reasonably should have known that the conduct set forth above would and did proximately result in physical injury and emotional distress to Plaintiff. The injuries include, but are not limited to, further worsening of her workplace foot and ankle injury, anxiety, headaches, tension, depression and humiliation.

50. At all relevant times, Defendants knew or reasonably should have known that unless they intervened to protect Plaintiff and adequately supervised, prohibited, controlled, regulated, disciplined and/or otherwise penalized the conduct of Defendant PALMA and KAOOSJI as set forth above, the remaining defendants and employees would perceive the conduct and omissions as being ratified and condoned.

///

51.     The negligent failure of the Defendants to protect Plaintiff, and to supervise, prohibit, control, regulate, discipline and/or otherwise penalize the conduct and omissions of its other employees, violated Plaintiff's rights under state statutes and common law and herein alleged.

## SIXTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (By Plaintiff Against All Defendants)

52.     Plaintiff re-alleges and incorporates by reference herein each and every allegation in this complaint as though fully set forth and brought in this cause of action.

53.     The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendants, and each of their conduct, in confirming and ratifying the complained of conduct, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

54.     As a proximate result of Defendants', and each of their intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health. As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

55.     Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted fraudulently, maliciously, oppressively and with reckless disregard of Plaintiff's rights and safety, thereby entitling Plaintiff to an award of punitive damages. Defendants, and each of them, authorized, ratified, and/or knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation, thereby entitling Plaintiff to an award of punitive damages.

///

///

-10-
COMPLAINT
18
Exhibit A

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and any other Defendants who may later be added to this action as follows:

As to the First Cause of Action:

1. For all actual, consequential and incidental financial losses including, but not limited to, loss of earnings, employment benefits and employment opportunities according to proof;
2. For compensatory and general damages according to proof;
3. For exemplary and punitive damages;
4. For interest on any award of damages at the time of trial; and
5. For such other and further relief as the court deems just and proper.

As to the Second and Third Causes of Action:

1. For economic damages including, but not limited to, lost wages, salary, employment benefits and compensation denied or lost;
2. Liquidated damages equal to the sum of damages and interest;
3. Equitable remedies including front pay;
4. Reasonable attorneys' fees;
5. Reasonable expert witness fees;
6. Costs of suit;
7. Interest on any wages, salary, employment benefits and other compensation denied or lost; and
8. For such other and further relief as the court deems just and proper.

As to the Fourth Cause of Action:

1. For economic damages including, but not limited to, back pay and front pay;
2. For reliance damages;
3. For prejudgment interest at the legal rate; and
4. For such other and further relief and the court deems just and proper.

///

As to the Fifth Cause of Action:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For loss of earnings according to proof;
4. For interest at the legal rate according to proof;
5. For costs of suit incurred; and
6. For such other and further relief s the court may deem just and proper.

As to the Sixth Cause of Action:

1. For all damages proximately caused by Plaintiff's emotional distress, including economic losses and resulting physical injuries;
2. For special damages including medical and incidental expenses, wage loss, loss of earning capacity, and related expenses;
3. For exemplary and punitive damages;
4. For prejudgment interest; and
5. For such other and further relief as the court deems just and proper.

Dated: December 4, 2015

Respectfully submitted,
SHIN RYU BAZERKANIAN LLP

By: _____
Jennifer Ryu
Attorneys for Plaintiff
DILMA FUENTES

-12-
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a jury trial.

Dated: December 4, 2015

Respectfully submitted,
SHIN RYU BAZERKANIAN LLP

By: _____
Jennifer Ryu
Attorneys for Plaintiff
DILMA FUENTES

-13-
COMPLAINT